IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLDEN T. ALEXANDER,

*Plaintiff,*

v.

MID-CENTURY INSURANCE COMPANY,
*a wholly owned subsidiary of FARMERS
INSURANCE* and GILLIAN BRESSI,

*Defendants.*

Civil Action No. 2:21-cv-392

Hon. William S. Stickman IV

## **MEMORANDUM OPINION**

Plaintiff, Holden T. Alexander ("Alexander"), sued Defendants, Mid-Century Insurance Company ("Mid-Century") (an insurance company) and Gillian Bressi ("Bressi") (an insurance adjuster), in the Court of Common Pleas of Washington County, Pennsylvania, alleging that they breached an insurance agreement and that they did so in bad faith under 18 Pa. C.S. § 8371.  (ECF No. 1-1, pp. 11–16).  Defendants removed the action to this Court, arguing that it has diversity jurisdiction over the case because Bressi, a resident of Pennsylvania, was fraudulently joined to defeat diversity jurisdiction.  (ECF No. 1, pp. 2–4).  Defendants filed a partial Motion to Dismiss (ECF No. 3), requesting that the Court dismiss the claims against Bressi on the ground that Alexander can maintain neither a breach of contract claim nor a statutory bad faith claim against her under Pennsylvania law.  (ECF No. 3, p. 2).  For the reasons that follow, the Court will grant Defendants' Motion and dismiss all claims against Bressi.

1

## I.    BACKGROUND

Alexander lives in Washington County, Pennsylvania. (ECF No. 1-1, ¶ 1). He was driving his motorcycle on State Route 136 in Somerset Township, Pennsylvania. At that time, an unidentified pick-up truck crossed the center line into Alexander's lane, causing Alexander to swerve off of the road to avoid a head-on collision. (ECF No. 1-1, ¶¶ 4–8). As a result, Alexander was hospitalized with numerous injuries. (ECF No. 1-1, ¶ 10). Alexander demanded that Harley-Davidson Insurance ("Harley Davidson") tender $25,000 of first party benefits under his insurance policy. Harley Davidson did so ten days later. (ECF No. 1-1, ¶¶ 15–20).

Mid-Century is organized under California law, and has its principal place of business in Los Angeles County, California. (ECF No. 1, ¶ 5). Alexander's parents maintain an automobile insurance policy that was issued by Farmers Insurance ("Farmers"), which wholly owns Mid-Century. Alexander alleges that because he resides with his parents, he was an insured under their policy with Farmers. That policy provides $100,000 in potential benefits for each vehicle, and it also allows those benefits to be aggregated or stacked for a total policy limit of $400,000. (ECF No. 1-1, ¶¶ 23–27). Alexander submitted a request for benefits under the policy and provided documentation in support of his request. (ECF No. 1-1, ¶¶ 30–31). Mid-Century, however, has not accepted or denied Alexander's request, or made any offers to resolve his claims. (ECF No. 1-1, ¶ 34).

Alexander alleges that Mid-Century and Bressi, "[d]espite ample time and reason to do so, . . . have failed to objectively and fairly evaluate [his] claims in a prompt, reasonable, and/or timely manner." (ECF No. 1-1, ¶ 39). Bressi is the individual or representative "most responsible for . . . Alexander's claim." (ECF No. 1-1, ¶ 3). Bressi lives in Chester County, Pennsylvania. (ECF No. 1-1, ¶ 3). Alexander contends that Mid-Century and Bressi breached the underlying insurance

policy by, *inter alia*, failing to reasonably investigate the claim, requesting unnecessary information, making intrusive demands, unreasonably delaying the process, and failing to reasonably tender offers of settlement. (ECF No. 1-1, ¶¶ 41–52). As a result, Alexander requests that the Court "enter a judgment in his favor . . . in an amount in excess of $50,000, plus interest and costs." (ECF No. 1-1, ¶ 55). Alexander also contends that Mid-Century and Bressi acted in bad faith under § 8371 for numerous reasons set forth in the Complaint. *See* (ECF No. 1-1, ¶ 57). Alexander requests "compensatory and punitive damages, together with interest, attorney's fees, and such other relief as the [C]ourt deems appropriate." (ECF No. 1-1, ¶ 61).

## II.     STANDARDS OF REVIEW

### A.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

Generally, a court may not consider an extraneous document when reviewing a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). If parties present matters outside the pleadings and the court does not exclude them, the motion must be converted to a motion for summary judgment. FED. R. CIV. P. 12(d). When reviewing the sufficiency of a complaint, however, a court may consider attachments to it without converting the motion into one for summary judgment if they are integral to the allegations in the complaint and are authentic. *See In re Burlington*, 114 F.3d at 1426 (holding that a court may consider a "document integral to or explicitly relied upon in the complaint"). *See also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that a court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

**B.     Subject Matter Jurisdiction and Fraudulent Joinder**

"Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action." *Mattei v. Lib. Mut. Ins. Corp.*, No. 18-4643, 2019 WL 78957, at *2 (E.D. Pa. Jan. 2, 2019). Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

4

of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  "The removal statute is strictly construed[,] and all doubts are to be resolved in favor of remand."  *Mattei*, 2019 WL 78957, at *2 (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).

"Section 1332 requires complete diversity, meaning that 'every plaintiff must be of diverse state citizenship from every defendant.'"  *Id.* (quoting *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006)) (citation omitted).  "A corporate defendant is a citizen of its state of incorporation and the state where it has its principal place of business, which is normally where the corporation is headquartered."  *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).

"An exception to the complete diversity rule exists in cases where a non-diverse defendant has been fraudulently joined."  *Id.*  "The doctrine of fraudulent joinder permits a defendant to remove an action notwithstanding a lack of complete diversity, 'if [the diverse defendant] can establish that the non-diverse defendant was "fraudulently" named or joined solely to defeat diversity jurisdiction.'"  *Id.* (quoting *Oritz v. Cequent Performance Prod.*, No. 16-6593, 2017 WL 1277643, at *2 (E.D. Pa. Apr. 3, 2017)) (cleaned up).  "If a non-diverse defendant was fraudulently joined, then th[e] Court may disregard the citizenship of the non-diverse defendant to determine diversity of citizenship."  *Id.* (citing *Briscoe*, 448 F.3d at 216).  "Alternatively, if the Court determines that joinder was not fraudulent, the Court must remand the case for lack of subject matter jurisdiction."  *Id.*  (citing *Briscoe*, 448 F.3d at 216).

"Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'"  *Id.* (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  "In other words, joinder is fraudulent where a plaintiff's

5

claim against a defendant is 'wholly insubstantial or frivolous.'" *Id.* (quoting *Boyer*, 913 F.2d at 113). "The removing party bears the 'heavy' burden of demonstrating fraudulent joinder." *Id.* (citing *Boyer*, 913 F.2d at 111) (citation omitted). "This 'heavy burden is imposed to effectuate the strong presumption against removal jurisdiction.'" *Id.* (quoting *Reto v. Lib. Mut. Ins.*, No. 18-2483, 2018 WL 3752988, at *2 (E.D. Pa. Aug. 8, 2018)) (citation omitted). When making this determination, the Court must refrain from making a decision premised on the merits, claims or defenses, but it may, however, "look beyond the pleadings to identify any indicia of fraudulent joinder." *Id.* (citing *Briscoe*, 913 F.2d at 219).

As pled, the presence of Bressi in this action would defeat subject matter jurisdiction and preclude the Court from examining the substance of her motion to dismiss. But the Defendants have argued that she was fraudulently joined for the sole purpose of defeating diversity jurisdiction and that the law is clear and free from doubt that she cannot be sued, as a matter of law. The Court must, therefore, examine the substance of Bressi's Motion to determine whether the claims against her are viable. Because they are not, she will be dismissed from this action and the Court may continue to exercise diversity jurisdiction over Mid-Century.

## III.   ANALYSIS

Defendants request that the Court dismiss Bressi from this action on the ground that because Bressi is an insurance adjuster employed by Mid-Century, Alexander can pursue neither a breach of contract action nor a statutory bad faith action under Pennsylvania law. (ECF No. 3, p. 2). Defendants therefore contend that the Court has diversity jurisdiction to adjudicate the remaining claims against Mid-Century because the parties reside in different states and the amount-in-controversy exceeds $75,000. (ECF No. 1, ¶¶ 11–13). Alexander counters that the Court should not dismiss Bressi from this action because Pennsylvania law allows an insured to

bring suit against an insurance adjuster for both a breach of contract and statutory bad faith under a "participation theory." (ECF No. 7, p. 4).

The cases cited by Alexander in support of his contention that the so-called "participation theory" allows him to bring breach of contract and statutory bad faith claims against an insurance adjuster are unpersuasive because none dealt with either of those claims as applied to insurance adjusters. *See Kapton v. Ohio Cas. Ins. Co., Inc.*, No. 14-69, 2014 WL 1572474, at *2 (W.D. Pa. Apr. 17, 2014) (alleging violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law); *Sannuti v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 14-587, 2014 WL 1515650, at *1 (E.D. Pa. Apr. 16, 2014) (alleging negligence, negligent infliction of emotional distress, wrongful death, and a survival action); *Hennessy v. Allstate Ins. Co.*, No. 13-6594, 2014 WL 1479127, at *3 (E.D. Pa. Apr. 14, 2014) (alleging unfair trade and negligence actions); *Ozanne v. State Farm Mut. Auto. Ins. Co.*, No. 11-327, 2011 WL 1743683, at *2 (W.D. Pa. May 5, 2011) (alleging violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law); *Grossi v. Travelers Ins. Co.*, No. 9-1427, 2010 WL 483797, at *1 (W.D. Pa. Feb. 5, 2010) (alleging violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law).

The Supreme Court of Pennsylvania has squarely held that an insured may not maintain a breach of contract action against an insurance adjuster without allegations of a separate contractual relationship between those individuals. *Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 672 (Pa. 1970). ("The basic defect in these [breach of contract] allegations [against adjusters], as noted below, is the failure to establish a contractual relationship between the adjusters and the insured appellants. Without such a relationship, it is impossible for the adjusters to be liable for breach of contract to the insureds."). The Pennsylvania Superior Court has confirmed that under 42 Pa. C.S.

§ 8371, "a statutory action for bad faith can only be brought against the insurer." *Brown v. Everett Cash Mutual Ins. Co.*, 157 A.3d 958, 968 (Pa. Super. 2017).

Alexander does not allege that a separate agreement exists between him and Bressi. The policy underlying his breach of contract claim is unquestionably only between his parents and Mid-Century. (ECF No. 1-1, p. 17). Nor has it been, nor can it be, alleged that Bressi is the insurer. Accordingly, Alexander is prohibited under Pennsylvania law from bringing either a breach of contract claim or statutory bad faith claim against Bressi. The Court will grant Defendants' motion to dismiss the claims against Bressi in this matter.

## IV.     CONCLUSION

For the reasons set forth above, the Court will grant Defendants' partial Motion to Dismiss (ECF No. 3). Alexander's claims against Bressi will be dismissed with prejudice.

BY THE COURT:

_____

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

7-26-21
_____
Dated

8